WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | )<br>) |
| Plaintiff, | )<br>) CR 12-00090 TUC DCB (GEE) |
| v. | )<br>) **O R D E R** |
| Mario Andres Talamante-Rodriguez, | )<br>) |
| Defendant, | ) |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress Evidence.

MAGISTRATE JUDGE'S RECOMMENDATION

On May 7, 2012, Magistrate Judge Bernardo P. Velasco issued a R&R in regard to Defendant's Motion to Suppress Evidence obtained after the stop of the vehicle he was driving on December 16, 2011. Magistrate Judge Velasco found, in view of Agent Morales's testimony, that Agent Morales made a friendly gesture toward the Defendant's vehicle and that the Defendant stopped voluntarily. Magistrate Judge Velasco heard the conflicting testimony of the defendant regarding the nature of the hand gesture made by Agent Morales and found the testimony of Agent Morales credible. Magistrate Judge Velasco found that the Defendant made a voluntary decision to stop and, therefore, had not been stopped by Agent Morales. Judge Velasco went on to conclude that the odor of marijuana that Agent Morales noticed after the Defendant stopped his vehicle warranted further detention of the vehicle for a K-9 inspection. The K-9 inspection led to the discovery of 422 bundles of marijuana secreted within Defendant's vehicle.

The only objection to Judge Velasco's R&R was filed by the Defendant. He argues that it is an "abdication of judicial independence and impartial review" to accept the "inherently incredible testimony" of Agent Morales. (Objections to Magistrate Judge's Findings and Recommendations on Defendant's Motion to Suppress (Objection) at 7.) Defendant argues that Agent Morales's testimony is not worthy of belief because of inconsistencies, and Defendant asserts the agent's hand gesture was not merely a friendly wave, but an order to stop his vehicle. *Id.* at 6.

## STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party

1 objecting to the recommended disposition has fourteen (14) days to file specific, written
2 objections). The Court has considered the objections filed by the Defendant, the
3 Government's Response, the parties' briefs, and the transcript from the evidentiary hearing
4 in respect to the objections.

## OBJECTIONS

On December 16, 2011, at approximately 8:05 a.m., Border Patrol agent Luis Morales was on duty and patrolling FSR 58 near the U.S.-Mexico border. (R&R at 1.) Agent Morales had been alerted that other agents observed evidence that a car had illegally crossed the international border. *Id.* Agent Morales then observed a blue Dodge Ram traveling toward him along FSR 58. *Id.* As the truck approached his position, Agent Morales stopped and waved to the driver. *Id.* The facts in dispute here are related to the manner in which Agent Morales waved. Agent Morales contends, and the Magistrate Judge agreed, that the wave was friendly in nature. *Id.* at 2. The Defendant alleges that he interpreted Agent Morales's wave as a signal for him to stop his vehicle. (Transcript of Record (TR) at 40.) Regardless of the disagreement about the nature of the hand gesture, both parties agree that the Defendant indeed stopped his vehicle alongside Agent Morales's marked Border Patrol vehicle. *Id.* at 1.

Once the vehicles were side-by-side, Agent Morales recognized the Defendant as a participant in a prior incident involving a drug seizure. *Id.* Agent Morales asked a series of questions and learned that the truck did not belong to the Defendant. *Id.* The Defendant told Agent Morales that he had picked it up from a ranch near the border. *Id.* Eventually, Agent Morales pulled his vehicle behind the truck operated by the Defendant and ran a registration check of the vehicle. *Id.* While he was running the registration check, Agent Morales noticed a strong smell of marijuana coming from the rear of the Defendant's truck. *Id.* The registration check confirmed the Defendant was not the owner of the truck and also indicated the possibility of fraudulent registration on the vehicle. *Id.* Agent Morales asked to conduct a search of the truck, and the Defendant consented. *Id.* The Defendant disputes that he consented to the search of the vehicle. During his search agent Morales lowered the tailgate

- 3 -

and noticed that it seemed heavy. *Id.* Agent Morales called for a K-9 that alerted to the presence of drugs in the vehicle once it arrived. *Id.* at 2. The Defendant was placed under arrest, and Border Patrol agents later discovered 422 bundles of marijuana secreted in the vehicle. *Id.*

The Defendant requests that the District Court conduct an independent *de novo* hearing of the evidence in support of the Motion to Suppress. The Defendant criticizes agent Morales's testimony as unworthy of belief. The Defendant disputes Magistrate Velasco's finding that Agent Morales made nothing more than a friendly gesture. The Defendant essentially argues that Magistrate Velasco's finding of Agent Morales's testimony as credible is incorrect and that independent review by the District Court is appropriate.

The Defendant contends that Agent Morales "seemed to change his story" during the evidentiary proceeding regarding the reason he waved at the Defendant. (Objection at 4.) Agent Morales, on direct examination, was asked: "And when you waved at him, what was your intention?" (Transcript of Record: Evidentiary Hearing, May 7, 2012, (TR) at 7.) Agent Morales testified: "My intention was just to get a reaction from him, just to see what he would do." *Id.* As a clarifying question during cross-examination, Magistrate Judge Velasco asked: "You waved to stop, not waved to be friendly?" (TR at 18). Agent Morales responded: "I waved to be friendly." (TR at 18). The Defendant contends that this alleged change in the story makes the testimony of Agent Morales incredible. (Objection at 6.)

The testimony itself, however, is not contradictory as the two reasons for waving are not mutually exclusive. Magistrate Judge Velasco could have found that Agent Morales waved to be friendly or in a friendly manner in order to see what the Defendant would do. That Agent Morales's testimony regarding the wave is not identical throughout the evidentiary hearing did not preclude Magistrate Judge Velasco from finding the testimony credible. The magistrate judge asked a clarifying question, and Agent Morales clarified the nature of the wave. This Court defers to Magistrate Judge Velasco's finding that Agent Morales's testimony was credible.

Contrary to the Defendant's argument, which contends the finding of witness credibility by the magistrate judge should be disregarded, it is appropriate for the district court to accept the magistrate judge's finding that a witness is credible. *See United States v. Ridgway*, 300 F.3d 1153, 1156 (9th Cir. 2002). Here, Magistrate Judge Velasco heard the testimony of both the Defendant and Agent Morales. The magistrate judge determined, based on his assessment of both witnesses' testimony, including their demeanor and the surrounding facts, that Agent Morales was a credible witness. The Defendant's objection to the R&R, states no authority for his contention that the Defendant has the right to have the District Court hear the evidence and make a ruling based on the standard of *de novo* review. In contrast to the Defendant's claim that he has such a right, the Supreme Court has held that due process is not violated when a district court accepts a magistrate judge's credibility finding without conducting its own evidentiary hearing. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Here, the court finds no inconsistency in Agent Morales's testimony to upset Magistrate Judge Velasco's assessment of credibility. *See United States v. Hardin*, 710 F.2d 1231, 1235 (7th Cir. 1983) (finding no abuse of discretion in adopting magistrate judge's determination of credibility unless record reflects determination was clearly erroneous and entitled to no weight).

The Defendant also argues, in the alternative, that even if he stopped his vehicle voluntarily, the consent to search the vehicle was not voluntarily given. There is no evidence in the record to indicate that the Defendant's consent to the search of the vehicle was anything but voluntary. Agent Morales testified that he asked the Defendant's permission to search the vehicle after he learned that the vehicle registration was suspicious and he noticed the strong smell of marijuana. (TR at 10.) Agent Morales also testified that when asked for permission to search the truck, the Defendant "hesitated a little bit and then he said yes." *Id.* The Defendant presented no evidence during the evidentiary hearing to rebut the testimony given by Agent Morales. As there is no evidence anywhere in the record to indicate that the Defendant did not voluntarily give his consent for the search of the vehicle, it can only be concluded that the consent to search was in fact voluntary. Additionally, as noted by

Magistrate Judge Velasco, once Agent Morales observed the odor of marijuana, probable cause existed for the search.

CONCLUSION

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion to Suppress. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Suppress Evidence.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation (Doc. 28) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (Doc. 17) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Bernardo P. Velasco for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.

DATED this 12th day of June, 2012.

David C. Bury
United States District Judge